| |
|---|
| **Fortress Credit Corp. v Cohen** |
| 2025 NY Slip Op 30400(U) |
| January 31, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 651498/2024 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

----------------------------------------------------------------------------------X

FORTRESS CREDIT CORP.

Plaintiff,

- v -

CHARLES S. COHEN,

Defendant.

----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651498/2024 |
| **MOTION DATE** | 10/18/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 95, 97, 101, 104, 106, 108, 122, 123, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 139, 140, 141, 142, 143, 144, 145

were read on this motion for          PRE-JUDGMENT ENFORCEMENT          .

Plaintiff Fortress Credit Corp. ("Fortress") moves for an order granting (1) a pre-judgment restraining notice under CPLR 5229 and ordering an examination of Defendant Charles S. Cohen ("Cohen"), and (2) an entry of judgment in the amount of $187,250,000.00. For the following reasons, the motion is **granted** with respect to (1) and **denied** with respect to (2) pending resolution of Cohen's appeal of the Court's summary judgment decision to the Appellate Division, First Department, which was argued on January 30, 2025.

CPLR 5229 provides that "before a judgment is entered, upon motion of the party in whose favor a verdict or decision has been rendered, the trial judge may order examination of the adverse party and order him restrained with the same effect as if a restraining notice had been served upon him after judgment." The purpose CPLR 5229 is to "prevent an adverse party from disposing of assets in order to avoid judgment" (*Gallegos v Elite Model Mgmt. Corp.*, 1 Misc3d 200, 202 [Sup Ct NY County 2003]). "The only statutory requirement is that the application for

**651498/2024   FORTRESS CREDIT CORP. vs. COHEN, CHARLES S.**
**Motion No.  002**

Page 1 of 4

[* 1]

CPLR 5229 relief be made by the prevailing party" (*id.* [citing *Sequa Capital Corp. v Nave*, 921 F Supp 1072, 1076 [SD NY 1996]]). "The remedy provided in CPLR 5229 is designed 'to secur[e] satisfaction of the judgment ultimately to be entered in the action' . . . [and] has substantially the same effect as an attachment and a seizure of property" (*Sequa Capital*, 921 F Supp at 1076). "It is in the court's discretion whether to grant relief and the manner and limitations in which relief is granted" (*id.*). It is not required that the moving party "submit evidence that assets are definitively being disposed of or diverted as a prerequisite to obtaining injunctive relief" (*Gallegos*, 1 Misc 3d at 207).

Here, there is no dispute that Fortress is the prevailing party or that a decision has been rendered in its favor on summary judgment. Rather, the substance of Cohen's opposition is that he has no intention to transfer or dissipate his assets and that this motion constitutes a "smear campaign" against a "reputable businessman who has never failed to pay his debts" (NYSCEF 122, at 1-2 & n.2). Cohen also has "voluntarily agreed not to sell, transfer, or encumber his net equity in three Class A office buildings located in this State" in lieu of the requested restraining notice (NYSCEF 145).

To be clear, the Court has no reason to question Cohen's good faith or his business reputation. The fact remains, however, that he has been found liable for a substantial amount pursuant to a personal guaranty and that the sale of pledged business assets was insufficient to cover the underlying debt to which the guaranty attached. While Fortress *could* agree to accept a pledge of additional business assets as security for the expected judgment, it is not required to do so. CPLR 5229 is a common tool employed by plaintiffs awaiting imminent entry of judgment after a "decision has been rendered" in their favor. The Court sees no reason to deny that relief in these circumstances. Regrettably, in the Court's experience, judgment preservation/collection

**651498/2024   FORTRESS CREDIT CORP. vs. COHEN, CHARLES S.**
**Motion No.  002**

**Page 2 of 4**

is not a genteel business. That said, the restraint should be limited to the amount of the expected judgment and make reasonable accommodation for expenditures required in the ordinary course of the maintenance and operation of Cohen's personal life and business.

With respect to entry of judgment, the Court is aware that Cohen's appeal of this Court's summary judgment decision was argued in the Appellate Division, First Department on January 30, 2025. Given the advanced stage of the appeal, the Court will defer entry of judgment (and enforcement thereof) pending the Appellate Division's decision. Thus, the branch of Fortress's motion seeking immediate entry of judgment is denied without prejudice.

Accordingly, it is

**ORDERED** that the motion pursuant to CPLR 5229, for examination and restraint of defendant, is **granted**; the motion is **denied without prejudice** to the extent it seeks immediate entry of judgment; it is further

**ORDERED** that Fortress is granted leave to obtain documents from Cohen and to question Cohen under oath for purposes of identifying the location and extent of his assets available for satisfaction of the judgment to be entered in this action, to be completed no later than **February 10, 2025**; and it is further

**ORDERED** that the parties meet and confer and submit a proposed order setting forth with specificity the restriction on Cohen's sale, assignment, transfer, or interference with property in which he has an interest, which order should limit the restraint to the amount of the judgment and should make reasonable accommodation for expenditures required in the ordinary course of the maintenance and operation of Cohen's personal life and business.

**651498/2024   FORTRESS CREDIT CORP. vs. COHEN, CHARLES S.**                    **Page 3 of 4**
  **Motion No.  002**

3 of 4

This constitutes the Decision and Order of the Court.

20250131102534JMCOHENB27A098E188A4D6EA225D5974A37A839

__1/31/2025__
**DATE**

**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651498/2024   FORTRESS CREDIT CORP. vs. COHEN, CHARLES S.**                    Page 4 of 4
**Motion No.  002**

[* 4]                                                         4 of 4